UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

**PETER G. HERMAN**,

    Debtor.
_____/

**CIB MARINE CAPITAL, LLC**, as assignee
of CIB Marine Bancshares, Inc.,
successor by merger to Citrus Bank, N.A.,

    Plaintiff,

 v.

**PETER G. HERMAN**,

    Defendant.
_____/

Case No. 12-13989-BKC-JKO
Chapter 7

Adv. Pro. No. 12-01785-BKC-JKO

## CHAPTER 7 TRUSTEE'S MOTION TO INTERVENE

Kenneth A. Welt, in his capacity as Chapter 7 trustee (the "**Trustee**") in the above-captioned Chapter 7 proceeding of debtor, Peter G. Herman (the "**Debtor**"), by and through his undersigned counsel, and pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby files this motion (this "**Motion**") for entry of an order allowing the Trustee to intervene as a plaintiff in the above-captioned adversary proceeding, and, in support thereof, respectfully alleges as follows:

### Jurisdiction and Venue

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Rule 7024.

# 795072 v2

**Factual Background**

2.     On February 18, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), thereby commencing the Chapter 7 bankruptcy case styled *In re Peter G. Herman*, Case No. 12-13989-JKO (the "**Main Case**").

3.     Subsequent to the Debtor's bankruptcy filing, the Trustee was duly appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.  The Trustee is an officer of the estate charged with custody of property under the Bankruptcy Code.

4.     On July 19, 2012, CIB Marine Capital, LLC, as assignee of CIB Marine Bancshares, Inc., successor by merger to Citrus Bank, N.A. ("**CIB Marine**") filed a complaint pursuant to Bankruptcy Code § 727 objecting to the Debtor's discharge (the "**CIB Complaint**"), thereby commencing the above-captioned adversary proceeding against the Debtor (the "**Adversary Proceeding**").

5.     On August 21, 2012, CIB Marine filed a verified motion pursuant to Bankruptcy Rule 7055 for the entry of a default against the Debtor due to the Debtor's failure to timely file an answer or responsive pleading to the CIB Complaint in the Adversary Proceeding (the "**Motion for Entry of Default**") [Adversary Proceeding ECF No. 5].  The Clerk of the Court entered a default against the Debtor on August 22, 2012 (the "**Entry of Default**") [Adversary Proceeding ECF No. 6].

6.     On August 28, 2012, the Debtor filed a motion to set aside the Entry of Default entered by the Clerk of the Court against the Debtor (the "**Motion to Vacate**") [Adversary Proceeding ECF No. 8].  The Debtor's Motion to Vacate states that CIB will not oppose the Motion to Vacate.  As of the date of this Motion, the Court has not scheduled a hearing on the Motion to Vacate and the motion remains pending before the Court.

7. Based on this Court's prior order, dated July 9, 2012, the deadline for filing a complaint to object to the Debtor's discharge has been extended through and including August 31, 2012. *See* Main Case ECF 61.

### Relief Requested

8. The Trustee hereby files this Motion pursuant to Bankruptcy Rule 7024 for the entry of an order allowing the Trustee, on behalf of the Debtor's estate, to intervene as plaintiff in the Adversary Proceeding. Should the Court deny the relief sought herein, however—which has been sought for administrative convenience and to avoid the commencement of separate proceedings—the Trustee requests, in the alternative, that the Court further extend the Trustee's deadline up through and including October 31, 2012, or such other time as the Court may deem proper, to file a complaint to object to the Debtor's discharge pursuant to Bankruptcy Code § 727.

### Basis for Relief Requested

9. Intervention is the proper mechanism for someone who is not a party to a lawsuit to protect interests that could be adversely affected by an order or judgment in a lawsuit. *See Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998). As discussed herein, the Trustee has interests that are at stake and inadequately represented by the existing parties in the Adversary Proceeding. As a result, the Trustee seeks an order granting him leave to intervene as a matter of right or, alternatively, by permission in the Adversary Proceeding.

10. Rule 24 of the Federal Rules of Civil Procedure, made applicable through Bankruptcy Rule 7024, provides as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or

>   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>   (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>     (A) is given a conditional right to intervene by a federal statute; or
>
>     (B) has a claim or defense that shares with the main action a common question of law or fact.

11. Regardless of whether the applicant for intervention seeks relief as of right or by permission, the applicant must make the application timely. *Delaware Valley Citizens' Counsel for Clean Air v. Pennsylvania*, 674 F.2d 970, 974 (3d Cir. 1982). What constitutes "timeliness" is not defined by statute. Consequently, "the question whether an application for intervention is timely is largely committed to the discretion of the . . . court." *Stallworth v. Monsato Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Although the point to which the suit has progressed is one factor in the determination of the timeliness, it is not solely dispositive. Among the factors for the Court to consider are the following:

> (a) the length of time the intervenor knew or should have known of her or his interest in the case;
>
> (b) the extent of prejudice to the original litigating parties from the intervenor's delay;
>
> (c) the extent of prejudice to the would-be intervenor if her or his motion is denied; and
>
> (d) any unusual circumstances.

*United States v. Kemper Money Market Fund, Inc.*, 704 F.2d 389, 391 (7th Cir. 1983).

12. Here, the above-captioned litigation is in its nascent stages, and the Trustee's Motion to intervene is made in a timely manner within the deadline established by the Court

pursuant to the Court's order, dated July 9, 2012, which extended the deadline through and including August 31, 2012 for the Trustee to file a complaint to deny the Debtor's discharge pursuant to Bankruptcy Code § 727 [Main Case ECF 61]. As such, there will be no prejudice to CIB Marine or the Debtor if the Court were to allow the Trustee to intervene at this stage in the Adversary Proceeding.

13. Indeed, including the Trustee as an intervening plaintiff will avoid the need for a duplicative complaint, duplicative answer and commencement of a separate proceeding, which will then be subject to consolidation with the Adversary Proceeding captioned above.

14. Although the Entry of Default was entered against the Defendant, the Court has not yet ruled on the Debtor's Motion to Vacate and the Debtor has represented that CIB Marine has agreed not to contest the motion. The Trustee seeks to intervene in order to protect the interests of the estate and its creditors. If the Trustee's Motion is denied and the Trustee is not allowed to intervene in the Adversary Proceeding, the interests of the Debtor's estate and its creditors may be prejudiced by the Trustee's inability to actively participate in the Adversary Proceeding.

15. The Trustee is entitled to intervene in the Adversary Proceeding by right pursuant to Bankruptcy Rule 7024(a) or, alternatively, by permission under Bankruptcy Rule 7024(b). While the party seeking the intervention has the burden of showing the requisite elements are met, the requirements are broadly interpreted in favor of intervention. *Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893, 897 (9th Cir. 2011).

16. The Trustee has an "unconditional right to intervene" in the Adversary Proceeding under Bankruptcy Code § 1109(b). Bankruptcy Code § 1109(b) authorizes "[a] party in interest, including…the trustee" to "appear and be heard on any issues in a case under this chapter." 11 U.S.C. § 1109(b). A number of courts, including courts in this Circuit, have held

that the authorization provided by Bankruptcy Code § 1109(b) to appear and be heard on "any issue in a case" extends to adversary proceedings in the main bankruptcy case. *See, e.g.*, *In re Celotex Corp.*, 377 B.R. 345, 350 (Bankr.M.D.Fla. 2006); *In re The Caldor Corporation*, 303 F.3d 161 (2d Cir. 2002). Consequently, the Trustee's status as a "party in interest" under Bankruptcy Code § 1109(b) satisfies the standard for intervention required by Bankruptcy Rule 7024(a) because the "statute of the United States confers an unconditional right to intervene." *Celotex*, 377 B.R. at 350.

17. Intervention by the Trustee in the Adversary Proceeding is also justified pursuant to Bankruptcy Rule 7024(a)(2), as the Trustee has an interest in the transaction or the property that is the subject of the proceeding, and the outcome of the proceeding may impair the Trustee's ability to protect that interest if intervention is not permitted. The Trustee is charged with the duty of protecting the interests of the Debtor's estate and its creditors. If the Trustee is not permitted to intervene, the Trustee's ability to protect such interests may be impaired or impeded. CIB Marine and the Debtor each represent singular constituencies with clear economic interests, and, as such, cannot adequately represent the interests of the Trustee, the estate and/or the creditors of the estate.

18. The Trustee is also entitled to intervene by permission under Bankruptcy Rule 7024(b), as the Trustee's concerns and obligations to the estate and creditors are sufficiently common to the claims asserted by CIB Marine in the CIB Complaint.

19. The claims for which intervention is sought are exactly the same claims set forth in the CIB Complaint. Because the Trustee seeks intervention for the same claims set forth in the CIB Complaint, the Trustee respectfully requests that the Court excuse the Trustee's compliance with Bankruptcy Rule 7024(c) and not require that the Trustee accompany a separate and duplicative pleading setting forth the claims for which intervention by the Trustee is sought.

*See Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985) (noting that the majority of Circuits, including the Eleventh Circuit, permit intervention even when the movant fails to strictly adhere to the requirements of Rule 24(c) so long as such failure is nonprejudicial).

20. For the foregoing reasons, the Trustee should be permitted to intervene and requests authority to do so.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) granting the Motion and allowing the Trustee to Intervene as plaintiff in the Adversary Proceeding, or, alternatively, (ii) extending the Trustee's deadline up through and including October 31, 2012, or such other date as the Court deems just and proper, to allow the Trustee to file a complaint objecting to the Debtor's discharge pursuant to Bankruptcy Code § 727; and (iii) granting any other relief deemed proper by the Court.

Dated: August 31, 2012

    Respectfully submitted,

    By: /s/ Robert A. Schatzman
        Robert A. Schatzman
        Florida Bar No.: 139008
        Robert.Schatzman@gray-robinson.com
        Fernando J. Menendez Jr.
        Florida Bar No.: 0018167
        Fernando.Menendez@gray-robinson.com
        GRAYROBINSON, P.A.
        1221 Brickell Avenue, Suite 1600
        Miami, Florida 33131
        Tel: 305-416-6880
        Fax: 305-416-6887

        *Counsel to Kenneth A. Welt, Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and parties-in-interest identified on the Service List attached as Exhibit "A" by U.S. Mail and electronic mail.

/s/ Fernando J. Menendez<br>
Fernando J. Menendez

# EXHIBIT "A"

## SERVICE LIST

Bart A Houston, Esq.
200 SW 1 Ave # 1200
Ft Lauderdale, FL 33301
houston@kolawyers.com

Kristopher E. Pearson
150 West Flagler Street
Miami, Florida 33130
kpearson@stearnsweaver.com

Charles Throckmorton, Esq.
2525 Ponce De Leon Blvd #9th Flr
Miami, FL 33134
cwt@kttlaw.com

Office of the US Trustee
51 S.W. lst Ave., Suite 1204
Miami, FL 33130

Kenneth A Welt
1844 N Nob Hill Rd #615
Plantation, FL 33322
www.trusteewelt.com

John H Genovese, Esq.
100 SE 2 ST, 44 Floor
Miami, FL 33131
jgenovese@gib-law.com

BMW Financial Services NA, LLC Department
c/o Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006

# 795072 v2                                       9