UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                      Case No. 12-13989-JKO
                                                                            Chapter 7
**PETER G. HERMAN**,

      Debtor.
_____/

**CIB MARINE CAPITAL, LLC**, as assignee          Adv. Proc. No. 12-01785-JKO
of CIB Marine Bancshares, Inc.,
successor by merger to Citrus Bank, N.A.,

      Plaintiff,
v.

**PETER G. HERMAN**,

      Defendant.
_____/

### NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY ALEXANDER D. BROWN, ESQ.

Plaintiff, CIB Marine Capital, LLC, as assignee of CIB Marine Bancshares, Inc., successor by merger to Citrus Bank, N.A. ("**CIB Marine**"), pursuant Federal Rules of Civil Procedure 30, 34 and 45, made applicable by Federal Rules of Bankruptcy Procedure 7030, 7034 and 9016, gives notice of the deposition of the following individual at **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., 200 East Las Olas Boulevard, Suite 2100**, **Fort Lauderdale, Florida** at the date and time indicated below:

| DEPONENT | DATE AND TIME |
|---|---|
| **Alexander D. Brown, Esq.** | **Friday, April 26, 2013 at 9:30AM**<br>(Date and time agreed to by counsel for the Deponent) |

The Deponent is required to produce the documents requested on Schedule A to the Subpoena, a copy of which is attached as Exhibit 1, at the location and by the date and time set forth on the Subpoena.

1

I CERTIFY that on April 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by: (i) transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and (ii) by U.S. Mail to all other parties as indicated on the attached Service List.

Dated:  April 22, 2013.

                Respectfully submitted,

                */s/ Kristopher E. Pearson*
                KRISTOPHER E. PEARSON
                Florida Bar Number 0016874
                kpearson@stearnsweaver.com
                STEARNS WEAVER MILLER
                WEISSLER ALHADEFF & SITTERSON, P.A.
                Museum Tower Building, Suite 2200
                150 West Flagler Street
                Miami, Florida 33130
                Telephone:     (305) 789-3200
                Facsimile:     (305) 789-3395

                *Counsel for Plaintiff, CIB Marine Capital, LLC*

cc:      OUELLETTE & MAULDIN, Court Reporters
          28 West Flagler Street, #808
          Miami, FL 33130

> **INTERESTED PARTIES SHOULD CONTACT THE ATTORNEY FOR THE PLAINTIFF IN ORDER TO CONFIRM THE DATE AND TIME OF THE DEPOSITION.**

## SERVICE LIST

Michael Friedman, Esq.
Genovese Joblove & Battista, P.A.
100 Southeast Second Street, 44th Floor
Miami, Florida 33131

#2849834 v1

**EXHIBIT "1"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re Peter G. Herman,<br>_____Debtor._____/<br>CIB Marine Capital, LLC,<br>    Plaintiff,<br>v.<br>Peter G. Herman,<br>_____Defendant._____/ | **SUBPOENA IN**<br>**ADVERSARY PROCEEDING**<br>Case No. 12-13989-JKO<br><br>Adv. Proc. No. 12-01785-JKO |

To: Alexander D. Brown, Esq.
c/o Michael Friedman, Esq.
Genovese Joblove & Battista, P.A.
100 SE 2nd Street, 44th Floor
Miami, Florida 33131

[ ]  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
|---|---|
| Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>200 East Las Olas Boulevard, Suite 2100<br>Fort Lauderdale, Florida | April 26, 2013 at 9:30 a.m. |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE ATTACHED SCHEDULE OF DOCUMENTS TO PRODUCE**

| PLACE | DATE AND TIME |
|---|---|
| Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>200 East Las Olas Boulevard, Suite 2100<br>Fort Lauderdale, Florida | April 24, 2013 at 5:00 p.m. |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030 Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_[signature]_ ATTY FOR PLAINTIFF | TITLE |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br>KRISTOPHER E PEARSON | |
| ADDRESS<br>150 W. FLAGLER ST., STE 2200, MIAMI, FL 33131 | DATE<br>4/18/13 |

| PROOF OF SERVICE | |
|---|---|
| DATE<br>4/18/13 | PLACE<br>FIRM E-MAIL |
| SERVED ON (PRINT NAME)<br>MICHAEL FRIEDMAN | MANNER OF SERVICE<br>E-MAIL |
| SERVED BY (PRINT NAME)<br>KRISTOPHER E. PEARSON | TITLE<br>ATTY FOR PLAINTIFF |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   4/18/13
               DATE

SIGNATURE OF SERVER

150 W. FLAGLER ST., STE 2200, MIAMI, FL 33130
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure: See also Local Rules 7026-1 and 7030-2.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall
quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom the discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **DEFINITIONS**

1. The "Debtor" means Peter G. Herman.

2. "You" or "Your" means Alexander D. Brown.

3. "CIB Marine" means CIB Marine Capital, LLC, its agents, employees, officers, directors, and other authorized representatives.

4. "Petition Date" means February 18, 2012.

5. "Powell Case" means *Powell v. The Home Depot U.S.C., Inc.*, Case No. 07-80435-CIV-Hurley/Hopkins.

6. "Banks Case" means *Member Services, Inc. v. Security Mutual Life Insurance Company of New York*, Case No. 3:06-cv-01164-DEP.

7. "Adversary Proceeding" means the Adversary Proceeding styled *CIB Marine Capital, LLC v. Peter G. Herman,* Adv. Proc. No. 12-01785-JKO.

8. "Evidence," "refer," or "relate" means and includes supporting, showing, or being legally or logically connected with a matter in any way, including the document referred to.

9. "Document" is synonymous in meaning and equal in scope to the usage of this term as described in Fed. R. Bankr. P. 34, as adopted by Fed. R. Bankr. P. 7034. Document includes electronically recorded information.

10. "Communication," means the transmission, sending and/or receipt of information of any kind by and/or through any means, including without limitation, speech, writings, language, computer or electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

11. The time frame applicable to the document request set forth on Schedule A is from January 1, 2005 to date of production of the documents.

## SCHEDULE A

## DOCUMENT REQUEST

1. All communications and documents between you and the Debtor regarding allocation of the fees from the Powell Case and the Banks Case.

2. All communications and documents between you and Ed. J. Pozzuoli regarding the allocation of the fees from the Powell Case and the Banks Case.

3. All communications and documents between you and anyone at Tripp Scott, P.A. regarding the allocation of the fees from the Powell Case and the Banks Case.

4. All communications and documents between you and anyone at Tripp Scott, P.A. regarding your 2011 bonus.

5. All communications and documents between you and anyone at Tripp Scott, P.A. regarding your 2012 bonus.

6. All communications and documents between you and the defendant's counsel in the Powell Case from November 2011 through March 2012.

7. All communications and documents between you and the defendant's counsel in the Banks Case from November 2011 through March 2012.

8. All communications and documents relating to the financial status of the defendant in the Banks case.

9. All draft communications and documents relating to the Debtor's bankruptcy case.

10. All communications and documents that you may rely upon for your testimony at trial in the Adversary Proceeding.

11. All communications and documents that evidence, refer or relate to Your knowledge of the timing of the payment of the judgment or settlement by the defendant in the Powell Case.

12. All communications and documents that evidence, refer or relate to Your knowledge of the timing of the payment of the judgment or settlement by the defendant in the Banks Case.

#2275882 v1